# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., a California corporation, and TERRY FABRICANT, an individual, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CREDITORS RELIEF, LLC, a New Jersey limited liability company,<br><br>*Defendant*. | Case No.<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiffs Abante Rooter and Plumbing, Inc. ("Abante") and Terry Fabricant ("Fabricant") (collectively "Plaintiffs") bring this Class Action Complaint ("Complaint") against Defendant Creditors Relief, LLC ("Creditors Relief" or "Defendant") to stop Creditors Relief's practice of placing calls to consumers who are registered on the National Do Not Call Registry, to stop its practice of making unsolicited prerecorded telemarketing calls to the telephones of consumers nationwide, and to obtain redress for all persons similarly injured by Creditors Relief's conduct. Plaintiffs also seek an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1. Plaintiff Abante is a plumbing company headquartered in Emeryville, Alameda

County, California.

2. Plaintiff Fabricant is an individual and a resident of Winnetka, Los Angeles County, California.

3. Defendant Creditors Relief is a New Jersey limited liability company with its principal place of business located at 120 Sylvan Ave., Englewood, New Jersey 07632.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA" or the "Act"), a federal statute. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant resides in this District, is headquartered in this District, regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

## COMMON ALLEGATIONS OF FACT

6. Creditors Relief is a debt relief company that focuses on assisting businesses with debt relief solutions.

7. Unfortunately for consumers, in an attempt to promote its business and to generate leads for its debt relief products, Creditors Relief conducted (and continues to conduct) a wide scale telemarketing campaign and repeatedly makes unsolicited telemarketing phone calls to telephones which appear on the National Do Not Call Registry as well as pre-recorded calls to

cellular telephones—all without securing prior express consent, and even after consumers ask that the calls stop. Such conduct violates the TCPA.

8. The TCPA and its implementing regulations, 47 C.F.R. §64.1200, *et seq.* prohibit companies and persons, such as Creditors Relief, from placing multiple, repeated calls to persons who have listed their phone numbers on the national Do Not Call registry.

9. Further, Creditors Relief also placed telemarketing calls that featured an artificial and/or prerecorded voice to consumers nationwide—again, without obtaining consumers prior express written consent. This too violates the TCPA.

10. Creditors Relief knowingly made, and continues to make, telemarketing calls featuring an artificial and/or prerecorded voice and calls to numbers on the Do Not Call list without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Classes, they also intentionally and repeatedly violated the TCPA.

11. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—calls placed to numbers without prior express written consent to persons who listed their phone numbers on the Do Not Call list and calls that featured an artificial and/or prerecorded voice.

12. By making the unauthorized calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiffs' and the other class members' use and enjoyment of their phones, including the related data, software, and hardware

components. Defendant also injured the Plaintiffs and class members by causing wear and tear on their phones.

13. At no time did Defendant obtain prior express consent from Plaintiffs and the class members orally or in writing to receive calls from Defendant.

14. Defendant was, and is, aware that calls described herein were made to consumers like Plaintiffs who have not consented to receive them.

15. To the extent any third party made the calls, the third party acted on behalf of Creditors Relief, at Creditors Relief's direction and control, for Creditors Relief's knowing benefit, with Creditors Relief's approval, and Creditors Relief ratified the making of any such calls.

16. On behalf of the Classes, Plaintiffs seek an injunction requiring Creditors Relief to cease all unauthorized calling activities to persons registered on the Do Not Call list, an injunction requiring Creditors Relief to cease all prerecorded voice calls to consumers who have not provided prior express consent, and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

**FACTS SPECIFIC TO PLAINTIFF ABANTE**

17. Plaintiff Abante is the primary and customary user of the cellular telephone numbers ending in 5903, 7210, 7511, 0106, and 7590.

18. In or around March 2017, Plaintiff Abante began receiving prerecorded telemarketing calls from Defendant Creditors Relief.

19. On March 31, 2017, Abante received a call from Creditors Relief from the telephone number 302-219-9678 to his cellphone ending in 7210. The call featured a prerecorded voice message that prompted Abante to press one to speak with an agent. Abante pressed one

and spoke with an agent of Creditors Relief, Alex.

20. On April 3, 2017, Abante received another call from Creditors Relief from the telephone number 302-219-9678 to the cellphone number ending in 7210. The call again featured a prerecorded voice message, and Plaintiff Abante again pressed one and spoke with Adam Zitelli, an agent of Creditors Relief. Mr. Zitelli sent a follow up email to Abante, which identified the entity that placed the call as Creditors Relief and solicited Abante to purchase debt restructuring services.

21. Abante also received calls that featured an artificial and/or prerecorded voice from Creditors Relief from the telephone number 302-219-9678 on the following dates:

   a. April 4, 2017 to Abante's cellphone number ending in 7590;
   b. April 5, 2017 to Abante's cellphone number ending in 0106;
   c. April 5, 2017 to Abante's cellphone number ending in 7511; and
   d. April 20, 2017 to Abante's cellphone number ending in 7210.

22. During each of these calls, Abante heard a prerecorded voice message and was required to press one to speak with a representative of Creditors Relief. All of the calls were all placed for the purpose of soliciting Abante to purchase Creditors Relief's debt restructuring services.

23. Following the April 4, 2017 call, Abante received an email from Alex Ocansey, an employee of Creditors Relief, who again solicited Plaintiff to purchase Creditors Relief's services.

24. At no time, did Abante ever consent to receive calls from Creditors Relief.

25. To redress these injuries, Abante, on behalf of itself and the Classes of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited prerecorded calls to

cellular telephones. On behalf of the Classes, Abante seeks an injunction requiring Creditors Relief to cease all unauthorized prerecorded calling activities, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF FABRICANT

26. Plaintiff Fabricant is the primary and customary user of the cellular telephone numbers ending in 1083 and 9210.

27. Fabricant registered the telephone numbers ending in 1083 and 9210 on the National Do Not Call Registry on June 4, 2018.

28. Beginning in October 2018, Plaintiff Fabricant began receiving telephone calls from Creditors Relief.

29. On October 17, 2018, Plaintiff Fabricant received two calls from Creditors Relief from the telephone number 737-702-9272 to his cellular telephone number ending in 1083. Creditors Relief solicited Plaintiff Fabricant to purchase its debt resolution services.

30. In an effort to identify the caller, Plaintiff Fabricant permitted Creditors Relief to send a follow up email. Shortly thereafter, Creditors Relief's agent, Janice Cunningham, sent Fabricant an email soliciting him to purchase its financial services.

31. On January 14, 2019, Plaintiff Fabricant received another call from Creditors Relief from the telephone number 424-213-6470 to his cellular telephone number ending in 1083. During this call, Creditors Relief solicited Plaintiff Fabricant to purchase its debt resolution services.

32. Creditors Relief's agent, Amaury Diaz, sent a follow up email to Fabricant requesting documentation to provide Fabricant a quote for its services.

33. On December 23, 2019, Plaintiff Fabricant received yet another call from

Creditors Relief from the telephone number 747-223-8773 to his cellular telephone number ending in 1083. Creditors Relief again solicited Plaintiff Fabricant to purchase its debt resolution services.

34. Further, on October 29, 2019, Creditors Relief called Plaintiff Fabricant from the telephone number 760-304-1136 to his cellular telephone number ending in 9210 to solicit Plaintiff Fabricant to purchase its debt resolution services.

35. Plaintiff Fabricant to identify the caller requested that Creditors Relief send a follow-up email. Tanya Mooney, an agent of Creditors Relief, sent a follow up email to Plaintiff Fabricant soliciting him to purchase debt restructuring services.

36. On February 19, 2020, Creditors Relief again called Plaintiff Fabricant's cellphone number ending in 9210 from the telephone number 626-538-2569. Following the call, Fabricant received another email from Creditors Relief again outlining the debt restructuring services.

37. All of the calls solicited Plaintiff Fabricant to purchase Creditors Relief's debt resolution services.

38. By making the telephone calls at issue in this Complaint, Creditors Relief caused Plaintiff Fabricant actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the placement and receipt of such unwanted calls, a loss of value realized for the monies consumers paid to his wireless carriers for the receipt of such calls, and the interruption and loss of the use and enjoyment of his telephones, including the related data, software, and hardware components, and wear and tear on such components including the consumption of battery life, among other harms.

39. Creditors Relief is and was aware that the above-described telephone calls are and

were being made to consumers like Fabricant who had not consented to receive them.

40. To redress these injuries, Fabricant, on behalf of himself and the Class of similarly situated individuals, brings suit under the TCPA, which prohibits telemarketing calls placed to consumers registered on the National Do Not Call Registry. On behalf of the Class, Fabricant seeks an injunction requiring Creditors Relief to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and two nationwide classes defined as follows:

> **DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Creditors Relief, or a third person acting on behalf of Creditors Relief, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Creditors Relief's products and services; and (5) for whom Creditors Relief claims it obtained prior express consent in the same manner as Creditors Relief claims it supposedly obtained prior express consent to call Fabricant, or for whom it did not obtain prior express written consent.

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Creditors Relief (or an agent acting on behalf of Creditors Relief) called (2) using an artificial and/or prerecorded voice message, and (3) for whom Creditors Relief claims: (a) it obtained prior express written consent in the same manner as Creditors Relief claims it supposedly obtained prior express written consent to call Plaintiff Abante, or (b) it did not obtain prior express written consent.

42. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3)

persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiffs anticipate the need to amend the class definition following appropriate discovery.

43. **Numerosity:** The exact number of members within each Class is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed calls to thousands of consumers who fall into the defined Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

44. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

45. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

46. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Creditors Relief systematically made unsolicited telephone calls

to consumers using an artificial or pre-recorded voice absent prior express written consent;

(c) Whether Creditors Relief systematically made unsolicited telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

(d) Whether any third party made the calls and, if so, whether Defendant is liable for such calls;

(e) Whether the Plaintiff and the other members of the Classes are entitled to statutory damages; and

(f) Whether Defendant acted willfully so as to require an award of treble damages.

47. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be

fostered and uniformity of decisions ensured.

48. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render certification of the Classes for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq*
**(On Behalf of Fabricant and the DNC Registry Class)**

49. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

50. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

51. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." See 47 C.F.R. § 64.1200(c).

52. 47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone

Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

53.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

54. Creditors Relief and/or its agent made more than one unsolicited telemarketing call to Fabricant the other members of the DNC Registry Class within a 12-month period without having prior written express consent to place such calls.

55. Each such call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

56. Fabricant and the other members of the DNC Registry Class did not provide consent to receive such telemarketing calls from Creditors Relief or its agents.

57. Neither Creditors Relief nor its agents have any record of consent to place such telemarketing calls to Plaintiffs or the other members of the DNC Registry Class.

58. Creditors Relief violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be initiated for telemarketing purposes to wireless telephone subscribers, such as Plaintiffs and the members of the DNC Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing calls.

59. Creditors Relief violated 47 U.S.C. § 227(c)(5) with respect to Fabricant and the members of the DNC Registry Class because Fabricant and the members of the DNC Registry Class received more than one telephone call in a 12-month period made by or on behalf of

Creditors Relief in violation of 47 C.F.R. § 64.1200, as described above.

60. Additionally, on information and belief Creditors Relief fails to have a written do not call policy that is available on request. On further information and belief, Creditors Relief fails to train its employees and personnel involved in telemarketing in the existence and use of its do not call policy or do not call list.

61. As a result of Creditors Relief's conduct as alleged herein, Fabricant and the members of the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, inter alia, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

62. To the extent Creditors Relief's misconduct is determined to have been willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Fabricant and the members of the DNC Registry Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff Abante and the Prerecorded No Consent Class)**

63. Plaintiff Abante incorporates by reference the foregoing allegations as if fully set forth herein.

64. Creditors Relief made or caused to be made calls to Plaintiff's and the other Prerecorded No Consent class members' telephones, which solicited consumers to purchase its debt resolution services.

65. Under the TCPA, it is unlawful to initiate any telephone call to a cellular telephone using an artificial or prerecorded voice absent a consumer's prior express consent. See 47 U.S.C. § 227(b)(1)(A)(iii).

66. By making unsolicited telephone calls to Plaintiff Abante's and members of the Prerecorded No Consent Class's cellular telephones using an artificial or pre-recorded voice without first obtaining prior express consent, Creditors Relief violated the TCPA.

67. Creditors Relief is liable for the calls. The calls were made by or on behalf of Creditors Relief. The calls were made by employees or agents of Creditors Relief, at the direction of Creditors Relief, and with Creditors Relief's substantial oversight and control.

68. Creditors Relief knew about the calls, directed the making of the calls, ratified the calls by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the calls.

69. Creditors Relief violated the TCPA by making calls featuring an artificial and/or prerecorded voice to Abante's and other class members' phones.

70. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of Creditors Relief's debt resolution services.

71. Neither Abante nor any other consumer ever provided prior express written or oral consent under the TCPA to be called by or on behalf of Creditors Relief.

72. No written consent containing required disclosures under 47 C.F.R. § 64.1200, *et seq.* was ever obtained.

73. As a result of Creditors Relief's unlawful conduct, Abante and the other members of the Prerecorded No Consent Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), Abante and each member of the Prerecorded No Consent Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

74. Should the Court determine that Creditors Relief's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages

recoverable by Plaintiff Abante and the other members of the Prerecorded No Consent Class.

75.     Abante and the class members are also entitled to injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Creditors Relief's unlawful calls.

## PRAYER FOR RELIEF

 **WHEREFORE**, Plaintiffs, on behalf of themselves and the Classes, pray for the following relief:

A.   An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiffs as the representative of the Classes and appointing their attorneys as Class Counsel;

B.   An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be trebled where the faxes were knowingly or willfully sent, all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

C.   An order declaring Defendant's telephone calls, as set out above, violate the TCPA;

D.   An injunction requiring Creditors Relief to stop placing calls featuring an artificial and/or prerecorded voice to consumers absent prior express written consent;

E.   An injunction requiring Creditors Relief to stop placing calls to consumer registered on the National Do Not Call Registry absent prior express consent;

F.   An award of pre-judgment interest;

  G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

  H. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated: March 26, 2020

**ABANTE ROOTER AND PLUMBING, INC.,** and **TERRY FABRICANT**, individually and on behalf of all others similarly situated,

By: /s/ Jeffrey S. Arons
One of Plaintiffs' Attorneys

Jeffrey S. Arons
ja@aronslaw.net
Arons & Arons, LLC
76 South Orange Ave., Suite 100
South Orange, New Jersey 07079
Telephone: (973) 762-0795
Facsimile: (973) 762-0279

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiffs and the Putative Class*

*pro hac vice application to be filed