**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., a California corporation, and TERRY FABRICANT, an individual, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CREDITORS RELIEF LLC, a New Jersey limited liability company.<br><br>      Defendant. | Case No. 2:20-cv-03272<br><br>Hon.  Susan D. Wigenton<br><br>MOTION RETURN DATE: FEBRUARY 16, 2021 |

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION: (I) TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION; (III) IN THE ALTERNATIVE, TO STRIKE THE CLASS ACTION
ALLEGATIONS; AND (IV) TO STAY DISCOVERY PENDING RESOLUTION OF
THIS MOTION**

---

Dated: October 17, 2020

David Graff, Esq.
**GRAFF SILVERSTEIN LLP**
New Jersey Bar No. 034872008
60 Hawthorne Way
Hartsdale, NY 10530
Telephone: (212)-381-6055
dgraff@graffsilversteinllp.com
*Counsel for Defendant*
**CREDITORS RELIEF LLC**

Defendant Creditors Relief, LLC ("**Creditors Relief**" or "**Defendant**") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiffs' complaint ("**Complaint**") pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to strike the class action allegations pursuant to Federal Rule of Civil Procedure 12(f); and to stay discovery pending the Court's resolution of this potentially dispositive motion (collectively, the "**Motion**").

## PRELIMINARY STATEMENT

The Court must dismiss the Complaint filed by Plaintiffs for the following reasons:  (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has not and cannot allege facts sufficient to confer proper standing under Article III of the U.S. Constitution ("**Article III**").  Alternatively, the Court should strike Plaintiffs' class action allegations and allow the case to proceed only as individual claims because Plaintiffs cannot represent a class of "similarly situated plaintiffs" when Plaintiffs, themselves, have no standing. Finally, the Court should stay all discovery pursuant to Federal Rule of Civil Procedure 26(c) until the Court has issued a decision on this Motion to avoid the unnecessary time and expense of putative class action discovery in the face of these dispositive challenges to Plaintiff's claims.

**Plaintiffs do not have Article III Standing.**  The United States Supreme Court's ("**SCOTUS**") recent decision in <u>Spokeo v. Robins</u>, 136 S.Ct. 1540 (2016) makes clear that a plaintiff may not satisfy the Article III standing requirement of a concrete "injury in fact" at the pleadings stage merely by alleging a bare statutory violation.  In <u>Spokeo</u>, SCOTUS reaffirmed that statutory damages cannot be used as a windfall for plaintiffs, who must still plead facts to prove a "real" injury to meet the standard of Article III standing.  <u>Spokeo</u>, 136 S.Ct. at 1548.  Plaintiffs have not alleged any "real" injury stemming from  phone calls that Plaintiffs claims they received,

1

failing to meet their burden under the <u>Spoke</u><u>**Error! Bookmark not defined.**</u> analysis.  For this reason, the Court should dismiss the Complaint for lack of Article III standing.

**Plaintiffs Cannot Represent a Putative Class.**  Because Plaintiffs do not have standing, they cannot represent a putative class of alleged claimants who arguably have standing and valid TCPA claims.[1]  For this reason, the Court should strike Plaintiffs' class allegations and allow Plaintiffs to proceed, if at all, as individual plaintiffs only.

**Discovery should be Stayed Pending Resolution of the Motion**.  Because of the extreme expense, of both time and money, and the certain business disruption that ongoing class action discovery will cause Defendant, the Court should stay discovery until the Court renders a decision on Defendant's Motion.  Allowing discovery to move forward when the underlying case may be disposed of upon a Motion to Dismiss is a waste of judicial resources and an unnecessary waste of the parties' time, energy, and funds and will cause real damage to Defendant.  Importantly, a short stay of discovery will not harm Plaintiffs in any way.  For this reason, the Court should stay discovery pending resolution of the Motion.

## INTRODUCTION

Plaintiffs are serial litigants that, together, have commenced scores of TCPA litigations, and in their individual capacity, have commenced at least hundred civil actions in Federal District Courts all over the country. See Certification of David Graff Esq. ("Graff Cert."), ¶2-4, Exs. A-C. Despite their contentions to the contrary, Plaintiffs do not view telephone calls to their various numbers (existent for the sole purposes of fomenting TCPA violations) as a nuisance. Rather, Plaintiffs entire business exists for the purpose of receiving such telecommunications so that they

---

[1] Defendant reserves the right to challenge the standing of the putative class as well as the validity of any alleged claims asserted by the putative class.

can trump up class action claims to threaten legitimate business to provoke settlements that cause grave harm to the business' that their scheme victimizes.

Plaintiffs, on behalf of themselves and all others similarly situated, filed a putative class action Complaint against Creditors Relief on or about March, 2020. Plaintiffs allege that they received unsolicited telemarketing calls from Creditors Relief. Plaintiffs have made wild accusations against Defendant, including the unsupported accusation that Creditors Relief has intentionally and repeatedly violated the TCPA, and that Creditors Relief made repeated unsolicited autodialed telephone calls to consumers' cellular telephones in violation of the [TCPA]. Plaintiffs even ask this Court to extrapolate their blatant and unsupported exaggerations exponentially and name them as class representatives to represent a nationwide putative class of consumers who have allegedly been injured by Creditors Relief in the same way that Plaintiffs claims they have been injured.

Importantly, Plaintiffs have not alleged any actual harm or injury arising from phone calls they claim to have received from Creditors Relief. Plaintiffs are serial litigants that engage in tactics to foment litigations (*i.e.*, varied phone numbers, and investigation about purported telemarketing calls that they receive), although Plaintiffs seek to represent a class of putative class members who have allegedly received telemarketing calls from Creditors Relief on their cellular phones without consent. The proposed classes, unlike Fabricant and Abante Rooter and Plumbing, Inc., do not turn the court system into a business for profit. The Court should not allow Plaintiffs to proceed with their claims because they lack standing to sue in this Court. Alternatively, the Court should strike Plaintiffs' class allegations and allow him to proceed on an individual basis only. In either case, the Court should stay discovery pending resolution of this Motion.

**ARGUMENTS**

I. **THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS STANDING**

Because the Plaintiffs did not suffer a concrete, particularized harm sufficient to meet the requirements of Article III standing, Plaintiffs lack standing to bring this case and the Court should grant Creditors Relief's Motion to Dismiss pursuant to Federal Rule 12(b)(1).

    A.    **Standard of Review Under Fed. R. Civ. P. 12(b)(1)**

A defendant may challenge a plaintiff's standing by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds of lack of subject matter jurisdiction because "[t]he issue of standing is jurisdictional." Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the V.I., 218 F.3d 232, 240 (3d Cir. 2000). When a defendant brings a motion to dismiss for lack of subject matter jurisdiction based on a plaintiff's lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden to "establish[] the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence is required at the successive stages of the litigation." FOCUS v. Allegheny Cnty. Ct. Com. Pl., 75 F.3d 834, 838 (3d Cir. 1996), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) ("[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist.").

Moreover, unlike a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court should not presume the truthfulness of a plaintiff's allegations when considering a motion to dismiss based on lack of subject matter jurisdiction in fact. Mortensen, 549 F.2d at 891 ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction . . . no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."). Therefore, the Court is free to evaluate whether Plaintiff's factual allegations, when taken as a whole, ring true. The question of this Court's jurisdiction cannot be left to the imaginings of every plaintiff who drafts and files a complaint. The Court must "evaluat[e] for itself" whether the factual allegations are sufficient and cogent enough to merit the exercise of this Court's jurisdiction.

### B. Plaintiff Failed to Allege a Concrete and Particularized Harm Sufficient to Establish the Requisite Injury-in-Fact for Article III Standing

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to actual cases or controversies. Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). To satisfy the "irreducible constitutional minimum" requirement of standing under Article III of the Constitution, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 136 S. Ct. at 1547, citing Lujan, 504 U.S. at 560-561.

"[I]njury in fact [is] the '[f]irst and foremost' of standing's three elements." Spokeo, 136 S. Ct. at 1547, quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 103 (1998). To establish

an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  Spokeo, 136 S. Ct. at 1548, citing Lujan, 504 U.S. at 560.

Plaintiffs fail to satisfy the "injury-in-fact requirement of Article III" because they assert only "a bare procedural violation, divorced from any concrete harm."  Spokeo, 136 S. Ct. at 1547.

This Court has consistently held that merely asserting violations of a statute – without more – is insufficient to demonstrate an injury-in-fact for purposes of establishing standing under Article III.  See, e.g., Cottrell v. Alcon Labs., Inc., 2015 U.S. Dist. LEXIS 81830, at *5 (D.N.J. 2015) (Wolfson, J.) ("absent sufficient allegations as to injury . . . [plaintiffs'] conclusory theory [of defendant's violation of various consumer laws] is simply too remote and abstract to qualify as a concrete and particularized injury under Article III standing."); see also Polanco v. Omnicell, Inc., 988 F.Supp. 2d 451, 469 (D.N.J. 2013) (Hillman, J.) ("merely asserting violations of certain statutes is not sufficient to demonstrate an injury-in-fact for purposes of establishing standing under Article III").  The Third Circuit also shares this view.  See Doe v. Nat'l Bd. Of Med. Exam'rs, 199 F.3d 146, 153 (3d Cir. 1999) (explaining that it is "incorrect" to "equate[] a violation of a statute with an injury sufficient to confer standing" which analysis, instead, must "focus[] on whether the plaintiff suffered an actual injury, not on whether a statute was violated."); see also In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262, 274 (3d Cir. 2016) ("What a plaintiff cannot do, according to the Court, is treat a "bare procedural violation . . . [that] may result in no harm" as an Article III injury-in-fact." (quoting Spokeo, 136 S. Ct. at 1550)).

Rather than simply allege a statutory or procedural violation, Plaintiff must assert a concrete and particularized "injury in fact" to meet the requirements for Article III standing.  For an injury to be particularized, it "'must affect the plaintiff in a personal and individual way.'"

6

Spokeo, 136 S. Ct. at 1548, citing Lujan, 504 U.S. at 560.  However, particularization is not sufficient.  The injury must also be concrete. "A 'concrete' injury . . . must actually exist." Spokeo, 136 S. Ct. at 1548, citing Lujan, 504 U.S. at 560.  A concrete injury is a real injury, not an "abstract" injury.  Spokeo, 136 S. Ct. at 1548, citing Lujan, 504 U.S. at 560.  Importantly, a "concrete injury," for purposes of Article III standing, is much more than simply a recitation of all the possible harms that a plaintiff can imagine based on the alleged actions of a defendant.  Instead, a complaint must provide "factual allegations of injury resulting from the defendant's conduct." Lujan, 504 U.S. at 561.  Facts setting forth the concrete and particularized harm or injury that he claims to have suffered are woefully missing from Plaintiffs' Complaint.

Plaintiffs state that they received phone calls, and phones calls, with no other allegations of concrete injury.  Such an allegation cannot support even the inference of "actual," "concrete," or "particularized" injury to the Plaintiffs, as required for Article III standing. Further, allegations of possible and future injuries of some unknown putative class of plaintiffs do not satisfy the requirements of Article III standing. There are only two named Plaintiffs and it is those Plaintiffs who must satisfy the requirement of Article III standing, not the putative class which does not yet exist.  Plaintiffs have not pleaded sufficient facts to confer Article III standing.

Moreover, the Supreme Court has advised that a plaintiff who seeks to serve as a class representative cannot establish its standing by relying on the potential standing of putative class members.  Spokeo, 136 S. Ct. at 1547 n.6, quoting Simon v. Eastern Ky, 426 U.S. at 40 n.20 ("[E]ven named plaintiffs who represent a class must allege and show that **they personally have been injured**, not that injury has been suffered by other, unidentified members of the class to which they belong.'" (Emphasis added)).  Plaintiff's assumption that Defendant's alleged actions – based on one alleged phone call to Plaintiff – theoretically could harm an entire nation of

7

individuals – is precisely the type of speculative injury that is insufficient to confer Article III standing.

As this is a 12(b)(1) analysis, the Court is free to take note of Plaintiffs' inconsistencies, and credibility, when it comes to their allegations of "injury" for purposes of the standing inquiry. Plaintiffs' claim of injury does not square with their characterization of the purportedly offending phone calls as a "conversation" in which the Plaintiffs asked the caller to send Plaintiffs an e-mail. (Compl. ¶ 35). The Court cannot allow Plaintiffs to bootstrap their insufficient "injury" allegations with their completely speculative "Class Action Allegations" to try to manufacture the concrete and particularized injury-in-fact requirement that is a prerequisite under Article III.

Moreover, this Circuit has recently addressed a situation on all fours with the instant matter, and dismissed because the Plaintiff in the TCPA suit lacked standing. In Shelton v. Target Advanced LLC, 2019 U.S. Dist. LEXIS 64713(E.D. Pa. 2019), the Court surveyed the Third Circuit case law, and wrote: "However, the Third Circuit has also noted that for standing purposes, [s]omeone with a generalized interest in punishing telemarketers . . . would not qualify on that basis alone as having "suffered the particularized injury required to maintain an action in federal court for a statutory violation." Id. at 10-11. Rather, the Court explained that in a situation, such as here, where the Plaintiffs used various phone numbers for the purpose of creating TCPA causes of action, the Plaintiff lacked standing. Id. at 12-15. No discovery is needed in the instant matter because the Plaintiffs conduct so clearly indicates that they have not suffered the injuries, such as nuisance, or similar injury, and rather, hope for calls from telemarketers to support their cottage industry of suing them under the TCPA.

Further, the Plaintiffs do not have standing to bring a claim under the Do Not Call because they *both* constitute part of a business enterprise, and the phone numbers are both for business use.

8

Fabricant and Abante Rooter and Plumbing Inc. are for business purposes, and the purposes of ginning up TCPA claims, the same. Certification of David Graff, Esq., Exhibit C. Because the Do Not Call Registry is not available to businesses, and in reality, the Plaintiffs are a business, the Plaintiffs claims relative to the Do Not Call Registry (Count II) cannot proceed. Id. at 17-18.

For these reasons, the Court should grant Defendant's Motion and dismiss the case with prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## II.   ALTERNATIVELY, THE COURT SHOULD STRIKE THE CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f)

Alternatively, the Court should grant Defendant's Motion to Strike the Class Allegations pursuant to Federal Rule of Procedure 12(f), and Plaintiffs should only be allowed to proceed in this action on an individual basis.

Plaintiffs do not have standing to bring the claim on their own behalf, and therefore they cannot bring the claim on behalf of the putative class.  No amount of discovery or further case development into the possible members of the described putative class will alter the analysis or the outcome of these simple facts.  Accordingly, Defendant respectfully requests that the Court address this issue at this early stage of the case – "at an early practicable" time, as provided by Federal Rule of Civil Procedure 23(c) – and strike the class allegations in the Complaint.

### A.   Standard of Review Under Fed. R. Civ. P. 12(f)

Federal Rule of Civil Procedure 12(f) provides that a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Motions to strike save time and expense . . . by making it unnecessary to litigate claims which will not affect the outcome of the case."  Tonka Corp. v. Rose Art Indus., 836 F. Supp. 200, 218 (D.N.J. 1993).

9

Importantly, "[m]otions to strike are to be decided 'on the basis of the pleadings alone.'" Tonka Corp., 836 F. Supp. at 218, quoting Total Containment v. Environ Prods., 1992 U.S. Dist. LEXIS 12629, at *4 (E.D. Pa.). Where, as here, class certification "is evidently inappropriate from the face of the complaint," a court is well within its discretion to grant a motion to strike class allegations. Zarichny v. Complete Payment Recovery Servs., 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015).

A court has "considerable discretion" with regard to a motion to strike, and may grant the motion "when required for the purposes of justice." Tonka Corp., 836 F. Supp. at 217. Where, as in the case at bar, "the [class] allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues," a court should grant a motion to strike those allegations. McPeak v. S-L Distrib. Co., No. 12-348, 2014 U.S. Dist. LEXIS 123728, at *8 (D.N.J. Sep. 5, 2014) (Kugler, J.), citing Eisai Co. v. Teva Pharms. USA, Inc., 629 F. Supp. 2d 416, 425 (D.N.J. 2009). Because the pendency of the possible class action proceeding has the potential to cause severe prejudice to Defendant and interfere with its business operations and because the allegations confuse the issue of whether Plaintiff has standing to bring the claim as alleged, the Court should exercise its discretion and grant Defendant's motion to strike the class allegations.

Although there is no strict timetable for when the court should consider the class allegations, Rule 23(c) directs that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Indeed, there is an emerging trend for courts to address class certification through a motion to strike class allegations filed by defendant at the inception of a lawsuit if early resolution is appropriate under the circumstances of a given case. See, e.g., Pilgrim

10

v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011) ("[N]othing in the rules says that the court must await a motion by the plaintiffs."). Therefore, the Court is not required to wait for Plaintiff to move to certify the class to consider the class allegations in the Complaint. "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)." Pilgrim, 660 F.3d at 949, quoting Wright, Miller, et al, 7AA Federal Practice and Procedure § 1785; see also John v. Nat'l Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007) (affirming dismissal of class allegations at the pleading stage on a motion by defendant).

In addition, the fact that the parties have not yet engaged in discovery in this case is not a bar to the Court's consideration of a motion to strike class allegations. "A defendant may move to strike class action allegations prior to discovery" where, as here, "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Clark v. McDonald's Corp., 213 F.R.D. 198, *205 (D.N.J. 2003); see also Andrews v. Home Depot U.S.A., Inc., 2005 U.S. Dist. LEXIS 44304, at *6-7 (D.N.J. 2005) (Cavanaugh, J.) (same); see also Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 n. 30 (3d Cir. 2011) (the court may determine class certification before discovery when the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met"). Here, because the Plaintiffs have not demonstrated that they have the standing to bring the claims, see *supra* Section I, and because they are attempting to bring a TCPA claim on behalf of the class that is fundamentally different from their own alleged TCPA claims, see *supra* Section II, it is clear from the face of the Complaint that the requirements for maintaining a class action cannot be met, and the Court should strike the class action allegations.

In putative class action case O'Shea v. Littleton, 414 U.S. 488, 494 (1974), the U.S. Supreme Court held that because the plaintiffs failed to allege an actual Article III case or

11

controversy, the federal court did not have jurisdiction over the case. Moreover, the Court continued, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy . . . , none may seek relief on behalf of himself **or any other member of the class**." Id. (emphasis added). See also In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625, 634 (3d Cir. 2017), in which the Third Circuit stated that in order to maintain the putative class action, at least one of the plaintiffs must have Article III standing – that is to say, at least one of the plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." Horizon Healthcare Servs., 846 F.3d at 634, citing Lewis v. Casey, 518 U.S. 343, 357 (1996).

Here, because the Plaintiffs cannot, under even the broadest reading of the facts, show that he, personally, has the required Article III concrete and particularized injury, see *supra*, Section I he also cannot represent a class of putative claimants.

### 1. *Plaintiff Fails the Commonality Prong*

Commonality requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In particular, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011), quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982).

Put another way, commonality guarantees that "the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims." General Telephone Co. of Southwest v. Falcon, 457 U.S. at 157. In order for Plaintiff to meet the commonality prong of class certification, he must first prove "the validity of his own claim" and then show that "the class claims are 'fairly encompassed' within" his claim.

Id. at 158.  Because Plaintiffs do not allege injury sufficient to confer standing upon themselves, theycannot represent a class (*i.e.*, Plaintiffs have no standing, personally, and therefore, has nothing in common with a putative class that purportedly does have standing).  For these reasons, Plaintiffs fail on the commonality prong of the class certification analysis.

### 2. *Plaintiffs Fail the Typicality Prong*

Typicality, for purposes of Federal Rule of Civil Procedure 23(a)(3), requires that a class representative's claims arise "from the same event or practice or course of conduct that gives rise to the claims of the class members" and are "based on the same legal theory." A & L Indus. v. P. Cipollini, Inc., 2013 U.S. Dist. LEXIS 142463, at *9 (D.N.J. 2013), quoting Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006).  Where, as here, a proposed class representative is subject to a unique defense that is not a defense of the class as a whole, that "unique defense[] bear[s] on both the typicality and the adequacy of a class representative." Beck v. Maximus, Inc., 457 F.3d at 296.  See, e.g., J.H. Cohn & Co. v. Am. Appraisal Assocs., 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to the named plaintiff . . . may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative."); see also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990) ("Regardless of whether the issue is framed in terms of the typicality of the representative's claims . . . or the adequacy of its representation . . . there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.").  Because Plaintiffs will be subject to the unique defense of being a serial litigant that attempts to entrap companies into conduct that constitutes a TCPA claim (*i.e.*, unclean hands), Plaintiffs do not satisfy the typicality prong of class certification.

13

### 3. *Plaintiffs Fail the Adequacy of Representation Prong*

The adequacy of representation requirement of Federal Rule 23(a)(4) looks at both the adequacy of the putative class counsel and the adequacy of the putative class representative. Here, the adequacy of the putative class counsel is not at issue for purposes of this motion,[2] but only the adequacy of the putative class representative.

Consideration of the adequacy of the putative class representative is a determination of "whether the named plaintiff['s] interests are sufficiently aligned with the absentees." In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 800 (3d Cir. 1995). The United States Supreme Court has repeatedly held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." E. Tex. Motor Freight Sys. v. Rodriguez, 431 U.S. 395, 403 (1977), quoting Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 216 (1974).

The Plaintiffs do not possess the same interests as the putative class members, nor have they suffered the same alleged injury as the putative class members.

Plaintiffs do not meet the adequacy prong, the commonality prong, or the typicality prong. Plaintiffs are clearly attempting to manufacture a "class action" lawsuit to extract the maximum possible settlement from Defendant, and the Court should not allow Plaintiffs to move forward with their frivolous class action claims.

For these reasons, the Court should grant Defendant's Motion to strike the class allegations before expensive and extensive discovery ensues.

---

[2] Defendant reserves the right to challenge the adequacy of putative class counsel if and when it deems necessary; no waiver of such claim should be assumed or implied.

### III. THE COURT SHOULD STAY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C) DURING THE PENDENCY OF THIS DISPOSITIVE MOTION

Discovery can be extremely expensive, Twombly, 550 U.S. at 558-559, perhaps as expensive in putative class action cases as in anti-trust cases. The Court has the discretion to stay discovery during the pendency of a dispositive motion, such as the Motion currently before the Court. See Fed. R. Civ. P. 26(c); see also In re Orthopedic Bone Screw Product Liability Litig., 264 F.3d 344, 365 (3d Cir. 2001) (finding that an order staying discovery was well within the discretion of the district court).

The case at bar is a model case for the Court to exercise its discretion to stay discovery pending the resolution of this dispositive Motion. Defendant's Motion pursuant to Federal Rules of Civil Procedure 12(b)(1), and 12(f) seeks a determination of the law based on Plaintiffs own undisputed allegations. If Defendant's Motion is granted, this case will be over. Any discovery performed prior to such a disposition of the Motion will be an unnecessary waste of the parties' and the Court's resources. See Mann v. Brenner, 375 F. App'x 232, 239 (3d Cir. 2010) (stating that the purpose of a 12(b)(6) motion is to "streamline[] litigation by dispensing with needless discovery and factfinding, " quoting Neitzke v. Williams, 490 U.S. 319, 326-327 (1989)).

Particularly considering the barely-there and insufficient allegations by Plaintiffs in which they areas attempting in vain to bootstrap phone calls into a nationwide class action, the Court should not give Plaintiffs the ability to extort a nuisance settlement out of Defendant based simply on the exorbitant costs of class action discovery. The discovery costs alone to a working, active business such as Defendant will dwarf the potential damages available to Plaintiffs, even assuming everything they claim in the Complaint is true. These discovery costs could have the effect of forcing Defendant into an unwanted and unjustified settlement, simply to avoid the excessive costs of discovery. It is a perverse miscarriage of justice that the costs of discovery might be the

determining factor in whether the parties settle or not – not justice; not liberty; not a sense of right or wrong – but simply a calculation of what it will cost to enter into discovery versus what it will cost to settle with a Plaintiffs, notwithstanding the merits of a case.

A simple stay pending resolution of this Motion will change all of that, and bring justice and honor back into the equation. Plaintiffs will not be harmed whatsoever by a short stay pending resolution of this Motion. Plaintiffs are not anywhere near the statute of limitations for TCPA actions, and whatever "evidence" they may have is in no danger of going stale or getting lost. Plaintiffs Abante Rooter and Plumbing, Inc. and Fabricant allege phone calls to them alone, so there is no possibility of lost witnesses. There is no need to do any discovery before the Court rules, as the Motion can be decided without factual development. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming stay of discovery during pendency of motions for judgment on the pleadings because "there was no need for discovery before the district court ruled on those motions"). In the case at bar, there is no purpose in permitting any discovery at this stage. Even if the Court does not fully dispose of the case based on Defendant's Motion, the Court's ruling will likely allow the parties to narrow down and streamline future discovery. Weisman v. Mediq, Inc., 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) ("[A] stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay."). Given the posture of the case at bar and the issues presented, the Court should grant the requested stay of discovery.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss the Complaint with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs have failed to satisfy the standing requirements of Article

III; or, alternatively, Defendant respectfully requests that the Court strike Plaintiffs' Class Action Allegations pursuant to Federal Rule of Civil Procedure 12(f); and finally, Defendant respectfully requests that the Court stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending resolution of this Motion; and grant such other further and additional relief as the Court deems just and proper.

                                                                                Respectfully Submitted,

Dated: October 17, 2020                 **CREDITORS RELIEF LLC**

                                                                       By:    /s/ David Graff, Esq.
                                                                                  David Graff