UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC. and TERRY FABRICANT, *individually and on behalf of all others similarly situated*,<br><br>                    Plaintiffs,<br><br>v.<br><br>CREDITORS RELIEF, LLC,<br><br>                    Defendant. | Civil Action No.<br><br>20-3272 (SDW) (LDW)<br><br><br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is defendant Creditors Relief LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternatively to Strike the Class Action Allegations.  (ECF No. 11).  The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation.  The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  Having considered the parties' written submissions, and for good cause shown, the Court recommends that defendant's Motion to Dismiss and Motion to Strike be **DENIED**.

## I.        BACKGROUND

In a putative class action complaint dated March 26, 2020, plaintiffs Abante Rooter and Plumbing, Inc. and Terry Fabricant (collectively, "plaintiffs") seek injunctive relief and statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA") for telemarketing calls they allegedly received from representatives of defendant Creditors Relief. Specifically, plaintiff Abante Rooter and Plumbing alleges that it maintains five cellular telephone

numbers which received a total of six prerecorded telemarketing calls from Creditors Relief between March 30, 2017 and April 20, 2017 without its consent. (Compl. ¶¶ 17-21, 24, ECF No. 1). Plaintiff Fabricant alleges that he registered two cellular telephone numbers on the National Do Not Call Registry on June 4, 2018, but nonetheless received six telemarketing calls on those numbers from Creditors Relief between October 17, 2018 and February 19, 2020 without his consent. (*Id.* ¶¶ 26-36, 39). As a result, plaintiffs allege that they have suffered "aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiffs' and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiffs and class members by causing wear and tear on their phones." (*Id.* ¶ 12).

Defendant now challenges plaintiffs' Article III standing, and thus the Court's subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, defendant moves to strike the class allegations from the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Both motions rely on defendant's contention that plaintiffs suffered no actual injury from its telemarketing calls because they are professional plaintiffs who operate a "cottage industry" of filing TCPA lawsuits across the country.

## II.   DISCUSSION

### A.   Standing

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "Two types of challenges can be made under Rule 12(b)(1) – 'either a facial or a

factual attack.'" *In re Horizon Healthcare Servs. Inc Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).  "[A] facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (internal quotations and alterations omitted). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party.  This is in marked contrast to the standard of review applicable to a factual attack, in which a court may weigh and 'consider evidence outside the pleadings.'" *Id.* (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).  In evaluating a factual attack on standing, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Because a factual attack under Rule 12(b)(1) "inverts the burden of persuasion," the Court must take care not to allow a "motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348, 349.  Indeed, "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.* at 350.

"[T]he 'irreducible constitutional minimum' of standing consists of three elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Only the injury in fact element is at issue here.  To establish injury in fact,

plaintiffs must show that they suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560)).

In *Spokeo*, the Supreme Court explained that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact.  In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* at 1549; *see Kamal v. J Crew Grp., Inc.*, 918 F.3d 102, 111 (3d Cir. 2019) ("When a procedural right protects a concrete interest, a violation of that right may create a sufficient 'risk of real harm' to the underlying interest to 'satisfy the requirement of concreteness.'" (quoting *Spokeo*, 136 S. Ct. at 1549)).  Following *Spokeo*, the Third Circuit has taken up "the frequently-litigated question of whether violation of a statute . . . is an injury in fact that satisfies the Constitution's 'case or controversy' requirement" with respect to the Fair Credit Reporting Act, the Fair and Accurate Credit Transactions Act, and, as directly relevant here, the TCPA.  *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 316 (3d Cir. 2018).  That analysis is guided by the following rule:  "When one sues under a statute alleging 'the very injury [the statute] is intended to prevent,' and the injury 'has a close relationship to a harm . . . traditionally . . . providing a basis for a lawsuit in English or American courts,' a concrete injury has been pleaded."  *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3d Cir. 2017) (quoting *In re Horizon*, 846 F.3d at 639-40).

In *Susinno*, the Court of Appeals confirmed that "in asserting 'nuisance and invasion of privacy' resulting from a single prerecorded telephone call, [the] complaint asserts the very harm that Congress sought to prevent, arising from prototypical conduct proscribed by the TCPA."  *Id.* at 351 (quotation omitted).  Moreover, "when Congress found that unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their

recipients, it sought to protect the same interests implicated in the traditional common law cause of action [for intrusion upon seclusion]."   *Id.* at 352 (quotation and alteration omitted). Accordingly, the TCPA plaintiff adequately "alleged a concrete, albeit intangible, harm."   *Id.*

Thus, to the extent defendant attempts a facial attack on plaintiffs' standing, it cannot succeed.   Taking as true the allegations that plaintiffs each received six unsolicited and/or prerecorded telemarketing calls to their cell phones without their consent causing nuisance and invasion of privacy, plaintiffs have pleaded sufficient injury in fact to establish their standing to pursue TCPA claims under *Susinno*.   *See Manuel v. NRA Grp. LLC*, 722 F. App'x 141, 145, 146 (3d Cir. 2018) (facial challenge to TCPA standing "clearly loses" where "[a]s in *Susinno*, Manuel's complaint pled that he received calls on his cell phone, and that NRA placed those calls using an automatic telephone dialing system, without his consent, in violation of the TCPA"); *Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 570 (D.N.J. 2018) ("The Third Circuit has held that a single, prohibited prerecorded call [to] a cell phone is sufficient to constitute a concrete injury and thus confer standing to pursue a claim under the TCPA."); *Rando v. Edible Arrangements Int'l, LLC*, Civ. A. No. 17-701, 2018 WL 1523858, at *3 (D.N.J. Mar. 28, 2018) ("[T]o the extent that Defendant marks *Spokeo* as representing a turning point [after which plaintiffs] will no longer be able to adequately allege an injury-in-fact based on an invasion of privacy due to the violation of the TCPA, this Court cannot agree.").

Defendant's motion also attempts a factual attack on plaintiffs' standing.   In support of its motion, defendant submits the October 17, 2020 Certification of David Graff, which attaches lists of more than 200 lawsuits Abante Rooter and Fabricant have filed across the country, both

individually and jointly as plaintiffs.[1]  (ECF No. 11-2).  Based on these lists, defendant contends

that plaintiffs sue telemarketers as a business and hope to receive telemarketing calls so they can

exploit them for financial gain.  However, the Court cannot conclude from a list of case names

alone that (1) Abante Rooter and Fabricant are professional plaintiffs who operate as a business or

(2) they did not truly experience aggravation, nuisance, or invasion of privacy as a result of

defendant's unsolicited calls.   Moreover, the two propositions are not necessarily mutually

exclusive – plaintiffs may be vigorously enforcing their rights under the TCPA *because of* the

aggravation, nuisance, and invasion of privacy they experience with each unsolicited call.  In

recognition of this possibility, courts in the Third Circuit have soundly rejected pre-discovery Rule

12(b)(1) challenges based on a professional or serial TCPA plaintiff's purported lack of injury in

fact.  *See, e.g.*, *Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 WL 1506378, at *4

(E.D. Pa. Apr. 5, 2019) (rejecting Rule 12(b)(1) argument that "Plaintiff cannot demonstrate an

injury-in-fact because he operates a professional judgment recovery business and 'a TCPA

litigation operation' in which he files TCPA lawsuits either to generate profit or punish

telemarketers," while noting that "[w]ith the benefit of discovery, Defendant may ultimately be

able to establish its position, but dismissal would be improper at this stage given the lack of

evidence to substantiate Defendant's claims"); *Abramson v. Oasis Power LLC*, No. 18-cv-479,

2018 WL 4101857, at *5 (W.D. Pa. July 31, 2018), *R&R adopted*, 2018 WL 4095538 (W.D. Pa.

Aug. 28, 2018) (denying motion to dismiss for lack of standing and "reject[ing] any suggestion

that [plaintiff's] prolific history of filing TCPA lawsuits . . . demonstrates the lack of an injury-in-

---

[1] Mr. Graff certifies, and the Court will accept for purposes of this motion, that all of the listed cases assert TCPA claims.  (Graff Cert. ¶¶ 2-4).  However, the subject matter of these actions is not apparent from the PACER search results submitted in support of the motion, as they include only case names, docket numbers, initial filing dates, and the jurisdictions in which Abante Rooter, Fabricant, or both filed lawsuits as plaintiffs.

fact"); *Abramson v. CWS Apartment Homes, LLC*, Civ. A. No. 16-426, 2016 WL 6236370, at *3 (W.D. Pa. Oct. 24, 2016) (denying motion to dismiss for lack of standing, rejecting argument that serial plaintiff's "pursuit of his rights under the [TCPA] in other lawsuits demonstrates the lack of an injury [as his] decision to enforce his rights under the [TCPA] does not negate the existence of a cognizable injury"). *See also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1196 (M.D. Tenn. 2017) (rejecting argument that professional plaintiff lacks standing to pursue TCPA claims because "[t]he determinative issue, then, is not [plaintiff's] motivations, but whether he was injured.  An ordinary consumer who pled the facts that [plaintiff] has pled would have established a concrete and particularized injury-in-fact based on the Defendants' intrusion upon his rights to privacy and seclusion.  Defendants suggest that, by becoming a so-called 'professional plaintiff,' he has forfeited those rights because the calls alleged were not truly unwanted. . . .  It may be that [plaintiff] was not saddened or annoyed by the calls he received; it may even be that, knowing his rights under the TCPA, he is glad the calls were placed.  But allowing that fact, even if true, to negate his right to privacy and seclusion would require the Court to embrace a line of reasoning that would ultimately undermine the rights of most, if not all, TCPA plaintiffs and plaintiffs in similar statutory schemes").[2]

The Court is mindful that "[p]laintiffs must have standing at all stages of the litigation, and they bear the burden of proving it 'with the manner and degree of evidence required at the

---

[2] Defendant's reliance on *Shelton v. Target Advance LLC*, Civ. A. No. 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019), is puzzling as *Shelton* is yet another case where a court in the Third Circuit declined to dismiss a professional plaintiff's TCPA claim for lack of injury in fact.  In *Shelton*, the Court held that discovery would be required to resolve a factual dispute as to whether plaintiff suffered any injury as a result of defendant's calls or whether his "sole purpose . . . is to drum up TCPA litigation by inducing business-to-business robocalls." *Id.* at *5.  Instead, the Court dismissed plaintiff's TCPA claim because business numbers cannot be registered on the National Do Not Call Registry. *Id.* at *6.

successive stages of the litigation.'" *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997) (*quoting Lujan*, 504 U.S. at 561). It is possible that defendant will be able to substantiate its claims as to plaintiffs' business operations and injuries with the benefit of discovery.[3] But at this early stage of the proceedings, and on the slim evidentiary record presented, the Court finds that plaintiffs have pleaded concrete injuries sufficient to establish standing to bring the instant TCPA claims despite the many other lawsuits they apparently have filed.

Defendant separately argues that plaintiffs "do not have standing to bring a claim under the Do Not Call [Registry] because they *both* constitute part of a business enterprise, and the phone numbers are both for business use." (Def. Memo. of Law at 8, ECF No. 11-1). *See Shelton*, 2019 WL 1641353, at *6 (noting that prohibition on telephone solicitation to numbers registered on the National Do Not Call Registry embodied in 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) does not apply to business telephone numbers). Insofar as this argument may be considered a factual attack to plaintiffs' standing, it fails for the same reason discussed above – evidence of plaintiffs' prolific filing of TCPA lawsuits, standing alone, does not establish that they operate as a business and use their phones predominantly for business purposes. However, to the extent defendant's argument goes to the merits of plaintiffs' TCPA claims, it is not appropriate for consideration as part of a Rule 12(b)(1) challenge to standing. *See Smith v. Truman Road Dev., LLC*, No. 18-cv-670, 2020 WL 2044730, at *11 (W.D. Mo. Apr. 28, 2020) (denying summary judgment on TCPA claim premised on text message to number registered on National Do Not Call Registry where disputed issue of material fact existed "whether the phone number was a business number or a

---

[3] Defendant's request for a stay of discovery is moot. Discovery has not yet commenced, and the Court will conduct a Rule 16 initial scheduling conference in the ordinary course, after defendant files an answer to the operative pleading.

residential number"). Accordingly, the Court recommends that defendant's Motion to Dismiss be denied.

### B.      Motion to Strike

Alternatively, defendant moves to strike the class allegations in plaintiffs' complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court has "considerable discretion" in deciding a Rule 12(f) motion, but should exercise that discretion to strike class allegations "only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23." *McPeak v. S-L Distribution Co., Inc.*, Civ. A. No. 12-348, 2014 WL 4388562, at *3, *4 (D.N.J. Sept. 5, 2014). "Motions to strike class allegations from a pleading are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety." *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014).

In support of the motion to strike, defendant argues that plaintiffs "do not have standing to bring the claim on their own behalf, and therefore they cannot bring the claim on behalf of the putative class[es]." (Def. Memo. of Law at 9). This motion to strike is simply another iteration of the standing argument the Court has already rejected. Having found that plaintiffs, at this juncture, alleged injuries in fact sufficient to confer standing to bring their TCPA claims, they also have standing to represent the putative classes. *See Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 (3d Cir. 2015) ("[U]nnamed, putative class members need not establish Article III standing. Instead, the 'cases or controversies' requirement is satisfied so long as a class representative has standing."). Defendant additionally contends that (1) plaintiffs and the putative classes have not suffered a common injury because plaintiffs were not injured, (2) plaintiffs' claims

9

are not typical of the classes because they are subject to the unique defense of being serial litigants, and (3) plaintiffs are inadequate representatives because their interests differ from those of the proposed classes. These challenges to the Rule 23 class requirements are factual in nature and should be decided on a complete record following discovery. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) (motion to strike class allegations prior to discovery is appropriate only in "those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met"). Defendant's motion to strike is premature, but it may renew these arguments in opposition to any motion for class certification that may be filed.

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Strike Class Action Allegations (ECF No. 11) be **DENIED**. The parties are hereby advised that, pursuant to Fed. R. Civ. P. 72(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated:  December 10, 2020

                                             *s/ Leda Dunn Wettre*
                                         Hon. Leda Dunn Wettre
                                         United States Magistrate Judge