IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., a California corporation, and TERRY FABRICANT, an individual, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CREDITORS RELIEF, LLC, a New Jersey limited liability company,<br><br>*Defendant*. | Case No. 2:20-cv-03272-SDW-LDW<br><br>**RESPONSE TO DEFENDANT'S OBJECTIONS TO REPORT ND RECOMMENDATION (DKT. 15)** |

    Plaintiffs Abante Rooter and Plumbing, Inc. ("Abante") and Terry Fabricant ("Fabricant") (collectively "Plaintiffs"), through counsel, submit this Opposition to Defendant Creditors Relief LLC's ("Defendant" or "Creditors") Objection to Judge Wettre's Report and Recommendation issued December 10, 2020.

    Defendant's Objection does little more than rehash the same arguments made before Judge Wettre. In its Objection, Defendant essentially takes issue with a single portion of the Report's analysis: that Judge Wettre supposedly "failed to consider that the Plaintiffs . . . concede to consenting" to the phone calls at issue and therefore lack standing. (Dkt. 15-1 at 3.) But Plaintiffs plainly do not concede that they have consented. In fact, Plaintiffs specifically allege the opposite. *See, e.g.*, (Compl. ¶ 24.) ("At no time did Abante ever consent to receive calls from Creditors Relief."); (Compl. ¶ 39.) ("Creditors Relief is and was aware that the above-described telephone calls are and were being made to consumers like Fabricant who had not

consented to receive them."). Indeed, one of the classes Plaintiffs seek to represent is named the "Prerecorded No Consent Class".

Creditors seems to contend that pressing "1" to continue with a telephone call or providing an email address during the call in an effort to discover who was calling provides some sort of retroactive consent that blesses the call in the first place. (Dkt. 15 at 4.) But this is not the standard and the TCPA is not so toothless. To constitute the required **prior express written** consent, Creditors must obtain a written agreement prior to placing any pre-recorded telemarketing calls that must "include a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services." *Zani v. Rite Aid Headquarters Corp.*, No. 14-CV-9701 (AJN), 2017 WL 1383969, at *5 (S.D.N.Y. Mar. 30, 2017).

Defendant does not attempt to argue that it met this requirement, because it cannot. And in any case consent is an affirmative defense to which Defendant ultimately bears the burden. *See, e.g.*, *Grant v. Capital Mgmt. Srvs., L.P.*, No. 11-56200, 2011 WL 3874877, at *1 n.1 (9th Cir. Sept. 2, 2011) (explaining that "'[E]xpress consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof"). The fact that a defendant asserts a consent defense does not strip the Court of jurisdiction, and the Report and Recommendations should be adopted.

The remainder of Defendant's Objection regurgitates an argument already made and rejected: that Plaintiffs lack Article III standing because they have filed too many lawsuits.

2

Fortunately for Plaintiffs and the Class, this argument lacks merit. To hear Defendant tell it, Plaintiffs only gets to challenge a limited number of the unlawful calls they continue to receive—Defendant apparently feels that at a certain point consumers lose the ability to seek redress in court and must simply accept unlawful telemarketing calls. Nothing in the TCPA supports such a limitation, and Plaintiffs are hardly "professional plaintiffs."

Plaintiff Abante is a plumbing company that uses cellphones as part of its operations. It does not chase or manufacture TCPA claims, nor does it rely on the TCPA as part of its business model. Rather, it is a family business that has been bombarded with unsolicited calls, grew annoyed and tired of receiving them, and, after consultation with its attorneys, decided to enforce its rights under the TCPA. The situation is the same with Fabricant: he is an individual who receives countless telemarketing calls he did not consent to receive, learned of his rights under the TCPA, and enforces them. One does not lose the protections of a federal consumer protection statute simply by invoking those rights and fighting back against intrusive telemarketers.

The case of *Morris v. United Healthcare Ins. Co.*, 2016 WL 715973 (E.D. Tex. Nov. 8, 2016) is instructive. In *Morris*, the Plaintiff (unlike the Plaintiffs here) very well may have been a professional plaintiff. The *Morris* plaintiff: (1) thought about franchising his TCPA lawsuits, (2) taught classes teaching others how to sue telemarketers, and (3) listed himself as a "Pro Se Litigant of TCPA lawsuits" on his LinkedIn profile. *Morris*, 2016 WL 715973, at *6. But even given those facts (which was decided at the summary judgment phase), the *Morris* court **still** found standing: both under a *Spokeo* analysis and after conducting a "professional plaintiff" analysis. *Morris*, 2016 WL 715973, at *5, *6. In fact, despite the *Morris* plaintiff actions in relation to the TCPA, the court held that "he does not yet rise to the level of 'professional

plaintiff' described in those suits such that he is outside the zone of interest." *Morris*, 2016 WL 715973, at *6.

Hence, Defendant's arguments on this issue are specious and should be rejected.

Dated: January 4, 2021

**ABANTE ROOTER AND PLUMBING, INC.,** and **TERRY FABRICANT**, individually and on behalf of all others similarly situated,

By: /s/ Jeffrey S. Arons
One of Plaintiffs' Attorneys

Jeffrey S. Arons
ja@aronslaw.net
Arons & Arons, LLC
76 South Orange Ave., Suite 100
South Orange, New Jersey 07079
Telephone: (973) 762-0795
Facsimile: (973) 762-0279

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiffs and the Putative Class*

*pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that the above papers were filed through the Court's ECF system, which will serve the papers electronically to all counsel of record.

/s/ Jeffrey Arons