UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., a California corporation, and TERRY FABRICANT, an individual, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CREDITORS RELIEF LLC, a New Jersey limited liability company.<br><br>　　　　Defendant. | Case No. 2:20-cv-03272<br><br>Hon.  Susan D. Wigenton<br><br>M.J. Leda Dunn Wettre |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED
CLASS ACTION COMPLAINT**

NOW COMES Defendant Creditors Relief, LLC ("Creditors Relief"), by and through its undersigned counsel, and hereby answers and responds to Plaintiffs' Class Action Complaint for Violations for the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., and asserts defenses as follows:

Creditors Relief denies any directing its agents to violate the TCPA, as set forth in the introductory paragraph of Complaint and further denies that Plaintiffs are entitled to relief set forth therein. Creditors Relief is otherwise without information or knowledge sufficient to form a belief as to whether the allegations in the Complaint are based on Plaintiffs' personal knowledge and experiences and/or the investigated conducted by his attorneys.

## PARTIES

1. Creditors Relief is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Creditors Relief is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Creditors Relief admits the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 asserts a legal conclusion to which no response is required. To the extent a response is required, Creditors Relief denies that subject matter jurisdiction exists.

5. Paragraph 5 asserts a legal conclusion to which no response is required. To the extent a response is required, Creditors Relief denies that personal jurisdiction exists.

## COMMON ALLEGATIONS OF FACT

6. Creditors Relief denies the allegations in paragraph 6 of the Complaint to the extent that it connotes Creditors Relief does anything other than supply debt relief to businesses. Creditors Relief, otherwise, admits the allegations in paragraph 6 of the Complaint.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## FACTS SPECIFIC TO PLAINTIFF ABANTE

17. Creditors Relief is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## FACTS SPECIFIC TO PLAINTIFF FABRICANT

26. Creditors Relief is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Creditors Relief is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## CLASS ACTION ALLEGATIONS

41. Creditors Relief is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Creditors Relief is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 et. seq.
### (On Behalf of Fabricant and the DNC Registry Class)

49. Creditors Relief repeats and realleges its responses to all prior allegations as if fully stated herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 et. seq.
### (On Behalf of Plaintiff Abante and Prerecorded No Consent Class)

63. Creditors Relief repeats and realleges its responses to all prior allegations as if fully stated herein.

64. Denied.

65. Denied.

66. Denied

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## PRAYER FOR RELIEF

Creditors Relief denies that Plaintiffs, individually, and on behalf of the putative class, are entitled to the relief requested in the unnumbered *ad damnum* clause and its subparts.

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to set, in whole or in part, fact sufficient to state a claim against Creditors Relief as to which relief can be granted.

### SECOND DEFENSE
### (Consent)

Plaintiffs and the putative Class are barred, in whole or in part, from maintaining the alleged claims because they provided "prior express consent" within the meaning of the TCPA for the calls allegedly made to his phone number. Although Creditors Relief believes that Plaintiff and the putative class bear the burden to prove the lack of consent as part of their prima facie case under the TCPA, in the event that the Court determines otherwise, Creditors Relief asserts consent as an affirmative defense.

### THIRD DEFENSE
### (Estoppel)

The Complaint is barred, in whole or in part, by the conduct of Plaintiffs and the putative Class, which amounts to and constitutes an estoppel of the claims and any relief sought thereby.

### FOURTH DEFENSE
### (Waiver)

The Complaint, and each purported claim alleged therein, is barred by the conduct of Plaintiff and the putative Class, which amounts to and constitutes a waiver of any right or rights that Plaintiff and the putative Class may or might have in relation to the matters alleged in the Complaint.

**FIFTH DEFENSE**
**(No "Automatic Telephone Dialing System")**

Creditors Relief's telephone system is not an "automatic telephone dialing system" under the TCPA (47 U.S.C. § 227(a)) because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers. Because Creditors Relief does not use an "automatic telephone dialing system" within the meaning of the TCPA, Creditors Relief did not violate the TCPA.

**SIXTH DEFNSE**
**(Failure to Mitigate)**

To the extent that Plaintiffs or the putative Class has suffered any damages as a result of the matters alleged in the Complaint (which Creditors Relief denies), Plaintiffs and the putative Class failed to mitigate those damages and the claims therefore are barred, in whole or in part.

**SEVENTH DEFENSE**
**(Unjust Enrichment)**

Plaintiff's claims, as well any claims of putative class members, are barred, in whole or in part, because any award would constitute unjust enrichment.

**EIGHTH DEFENSE**
**(Laches)**

The Complaint is barred, in whole or in part, by the doctrine of laches.

**NINTH DEFENSE**
**(Unclean Hands)**

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## TENTH DEFENSE
### (Not Knowing or Willful)

Plaintiff is precluded from any recovery from Creditors Relief for a willful or knowing violation of the TCPA because any such violation (which Creditors Relief denies occurred) would not have been willful or knowing.

## ELEVENTH DEFENSE
### (Intervening Cause)

Creditors Relief alleges, upon information and belief, that Plaintiff's alleged injuries, if any, were proximately and solely caused by an independent and/or intervening cause or causes, for whom or for which Creditors Relief is neither liable nor responsible.

## TWELFTH DEFENSE
### (Actions or Omissions of Third Parties)

Creditors Relief alleges that, to the extent there was a violation of the TCPA, such violation was the result of actions of third parties that were taken without the involvement, knowledge, or authorization of Creditors Relief.

## THIRTEENTH DEFENSE
### (Not "charged" for Calls)

Plaintiff was not "charged" for any of the alleged calls as required by 47 U.S.C. § 227(b)(1)(A)(iii).

## FOURTEENTH DEFENSE
### (Standing)

Plaintiff lacks standing to bring a claim against Creditors Relief because he has not suffered any cognizable injury or damages.

## FIFTEENTH DEFENSE
### (No Origination, Initiation, Placement or Cause of Call)

Creditors Relief is not liable for the alleged March 8, 2017 call because it did not originate, initiate, place (or cause to be placed) the alleged call.

## SIXTEENTH DEFENSE
### (Safe Harbor)

Creditors Relief has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA, pursuant to the safe harbor provisions of the TCPA.

## SEVENTEENTH DEFENSE
### (Due Process)

The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate the United States Constitution, including the Due Process Clause.

## EIGHTEENTH DEFENSE
### (Excessive Fines)

The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment.

## NINETEENTH DEFENSE
### (Reservation of Rights)

Creditors Relief hereby gives notice that it intends to rely upon any other defense that may become available or appear during the course of continuing and ongoing investigation and discovery in this case. Creditors Relief also hereby reserves the right to assert other and related

defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state or jurisdiction other than the State of New Jersey.

WHEREFORE, Creditors Relief requests:

1. that the Complaint be dismissed with prejudice;

2. that Plaintiffs takes nothing by virtue of the Complaint;

3. that judgment be entered against Plaintiffs and in favor of Creditors Relief;

4. that Creditors Relief be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

5. that Creditors Relief be awarded such other and further relief as the Court may deem proper.

**CREDITORS RELIEF, LLC**

By: /s/David Graff_____
    David Graff
    **Graff Silverstein LLP**
    New Jersey Bar. No. 034872008
    3 Middle Patent Road
    Armonk, New York 10504
    (212) 381-6055
    dgraff@graffsilversteinllp.com
    *Counsel for Defendant*
    **CREDITORS RELIEF, LLC**

Dated: January 19, 2021